# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                            Telephone: (212) 317-1200
New York, New York 10165                                  Facsimile: (212) 317-1620
_____

October 24, 2019

**VIA ECF**

Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 228
New York, NY 10007

        Re:   Mena Roque et al v. 22 Noodle Market Corp. et al; 18-cv-07297-KNF

Dear Judge Fox:

        This office represents the Plaintiffs in the above referenced matter. Plaintiffs writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

        The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

        Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

        Plaintiffs allege they were employed by Defendants as food service workers at their restaurant, Obao. They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay spread of hours pay, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements.

        **I.      The Proposed Settlement is Fair and Reasonable**

        Under the settlement, Defendants will pay $125,000 to settle all claims through fifteen (15) payments. Of the settlement amount, two thirds, or $82,500.00 will go to the Plaintiffs, with $42,500 to go to Plaintiffs' attorneys.

        Plaintiffs allege they are entitled to back wages of approximately $209,326 from Defendants. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of

attorney's fees, they would be entitled to approximately $622,933. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June00 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, duties of the Plaintiffs and the method of Plaintiffs' pay.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $42,500 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively

October 24, 2019
Page 3

low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

     ii.     Yolanda Rivero is an associate at Michael Faillace & Associates, P.C. She graduated from Albany Law School in 1996. She has practiced as an associate with Michael Faillace & Associates, P.C. from January 2008 until April 2013, and now from April 2019 to present, cultivating a background in labor and employment law, with a focus on FLSA litigation.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                     Respectfully submitted,

                                       <u>/s/ Michael Faillace</u>
                                     Michael Faillace
                                     MICHAEL FAILLACE & ASSOCIATES, P.C.
                                     Attorneys for the Plaintiffs

Enclosures

cc: Bingchen Li, Esq. (via ECF)